■ ARTHUR B. SOPER et al., Respondents, v WILKINSON MATCH (USA), INC., Appellant.—Mahoney, P. J. Appeal from an order of the Supreme Court (Crew III, J.), entered November 5, 1990 in Chemung County, which, *inter alia,* partially granted plaintiffs' motion to compel discovery.

Plaintiffs seek to recover against defendant for injuries allegedly arising from the operation of a lawn mower designed and manufactured by Jacobson Manufacturing Company, to which defendant has become successor in interest. As part of the discovery process, plaintiffs moved to compel defendant to produce files pertaining to claims involving certain Jacobson lawn mowers akin to that which allegedly caused plaintiffs' injuries. Plaintiffs also sought to compel the testimony of Thomas Griswold, an attorney employed by Homelite, a Division of Textron, Inc., which had purchased certain assets of Jacobson and possessed files regarding claims against Jacobson in which Textron had agreed to assist in the defense. Defendant cross-moved for a protective order vacating plaintiffs' discovery notice on the grounds that, *inter alia,* the requests were overbroad or involved material claimed to be privileged as attorney work product. Supreme Court granted the major portion of plaintiffs' motion, denying most of defendant's cross motion, and this appeal ensued.

We affirm. Orders pertaining to disclosure are within the sphere of Supreme Court's discretionary powers and, absent an abuse thereof, should not be disturbed *(see, Harley v Druzba,* 169 AD2d 1001; *Stambovsky v Reiner,* 145 AD2d 309, 310). We reject defendant's argument that plaintiffs' demand for information on claims involving other Jacobson lawn mowers was improperly overbroad or repetitive. Sufficiently similar products liability claims are discoverable *(see, Valet v American Motors,* 105 AD2d 645, 646; *Carnibucci v Marlin Firearms Co.,* 51 AD2d 1067), and we find that plaintiffs' demands therefor are adequately succinct and involve sufficiently similar lawn mowers to obviate any finding of an abuse of discretion by Supreme Court *(see, Valet v American Motors, supra).* We likewise reject defendant's contention that Griswold's testimony, regarding a list he compiled of Jacobson lawn mower products liability claims, is immune from discovery as privileged attorney work product. Only work product

"which necessarily involved professional [legal] skills" *(Bloss v Ford Motor Co.,* 126 AD2d 804, 805) can be afforded the privilege. In our view, defendant's conclusory assertions that the material is privileged fail to meet its burden to show that any particular legal skills were necessary to the establishment of the information plaintiffs seek to discover *(see, Brossoit v O'Brien,* 169 AD2d 1019; *Bloss v Ford Motor Co., supra).*

Casey, Weiss and Mercure, JJ., concur. Ordered that the order is affirmed, with costs.