■ MARLENE DUNLAP, Appellant-Respondent, v UNITED HEALTH SERVICES, INC., Defendant and Third-Party Plaintiff-Respondent-Appellant. BIANCHI TRISON CORPORATION, Third-Party Defendant-Respondent-Appellant.—Weiss, P. J. Cross appeals from an order of the Supreme Court (Rose, J.), entered May 15, 1992 in Broome County, which, *inter alia,* denied plaintiff's motion for partial summary judgment on the issue of liability and partially granted defendant and third-party plaintiff's cross motion for partial summary judgment dismissing plaintiff's complaint and awarding indemnification against third-party defendant.

On November 14, 1989, plaintiff was injured at a construction site owned by defendant in Broome County where she was employed by third-party defendant, the general contractor. The injury occurred when a metal pipe being loaded into the bed of a dump truck by an excavator operated by an employee of third-party defendant fell and struck plaintiff's right foot. Plaintiff commenced this action against defendant alleging causes of action pursuant to Labor Law §§ 200, 240 (1) and § 241 (6). Defendant then commenced a third-party action seeking indemnification against third-party defendant.

Supreme Court denied plaintiff's motion for partial summary judgment pursuant to Labor Law § 240 (1) against defendant, finding that questions of fact existed on the issue of whether proper safeguards were provided. The court granted summary judgment to defendant dismissing plaintiff's Labor Law § 200 cause of action because of lack of proof that defendant either supervised the work or knew of the dangerous condition, but denied defendant's cross motion to dismiss the Labor Law § 241 (6) cause of action holding that lack of supervision or notice is not a defense to liability under that section. Supreme Court also granted partial summary judgment to defendant against third-party defendant for contractual indemnification "to the extent that it is ultimately held liable to plaintiff for the acts or omissions of third-party defendant". Finally, the court granted the motions of defendant and third-party defendant against plaintiff for disclosure of all pleadings, testimony, medical records, settlement demands and settlement documents pertaining to her previous unrelated action for personal injuries. Plaintiff has appealed from so much of the order as denied her motion for summary judgment, granted defendant's and third-party defendant's

motions to compel disclosure, and granted defendant summary judgment dismissing her cause of action under Labor Law § 200. Defendant has cross-appealed from those portions of the order which denied its cross motion for common-law and contractual indemnification against third-party defendant and from the denial of its cross motion for dismissal of the Labor Law § 241 (6) cause of action. Third-party defendant cross-appeals from so much of the order as granted partial summary judgment to defendant on the issue of contractual indemnification.

Plaintiff contends that she is entitled to partial summary judgment as a matter of law on her claim pursuant to Labor Law § 240 (1) because, based upon her version of the facts, the lack of proper safety protection was the proximate cause of her injuries. However, it is those facts which are disputed. Where protection has been provided, it is an issue of fact for the jury as to whether "proper protection" was provided (*Miller v Long Is. Light. Co.,* 166 AD2d 564, 565; *Blair v Rosen-Michaels, Inc.,* 146 AD2d 863, 865).

Plaintiff next contends that an issue of fact exists relevant to her Labor Law § 200 cause of action. Plaintiff argues that third-party defendant's statement that defendant required that a portion of the demolition area, i.e., the south end of a parking lot, had to remain available to defendant for its use from time to time evidenced control and supervision over the situs of her accident. We disagree. While defendant's requirement prevented the continuation of the semipermanent eight-foot chain link fence on that part of the site, it did not mandate the type and nature of the barriers selected and used by third-party defendant, nor prevent third-party defendant from fully controlling the site access during all periods of hazard. Because defendant otherwise demonstrated that it neither retained control nor exercised supervision over the work site and that third-party defendant was solely responsible for the project work, defendant was properly entitled to summary judgment dismissing the Labor Law § 200 claim.

Plaintiff also contends that she should not be mandated to disclose the contents of a prior personal injury litigation claim, the related medical records of which she has agreed to disclose. Control of disclosure is within the sphere of the trial court's broad discretionary powers and, absent abuse, should not be disturbed (*Soper v Wilkinson Match,* 176 AD2d 1025). Plaintiff opposed the disclosure motion before Supreme Court, urging irrelevance based upon her statement that different injuries were involved. However, her health is at issue and

defendant need not rely upon plaintiff's version of her injuries; accordingly, absent other grounds not stated in the motion before Supreme Court, the file is relevant and properly discoverable *(see, Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403).

In its cross appeal defendant contends that Supreme Court erred in limiting its indemnification claim against third-party defendant. In its cross appeal third-party defendant contends that any indemnification relief is premature. As defendant's role in the claim is strictly passive, and any basis of liability against defendant is vicarious, indemnification, both common-law and contractual, is appropriate. Inasmuch as plaintiff was an employee of third-party defendant injured on a construction site controlled and supervised by third-party defendant, and furthermore because third-party defendant was responsible for safety and because the accident occurred in the course of construction work being performed by third-party defendant, it was error not to grant indemnification to defendant against third-party defendant for the full amount of any judgment obtained by plaintiff *(see, Blaskovic v Penguin House Tenants Corp.,* 158 AD2d 434, 435).

We decline to disturb Supreme Court's denial of defendant's cross motion for summary judgment on plaintiff's Labor Law § 241 (6) cause of action. The record reveals that the sole basis for the motion by defendant was that it did not supervise or control the project, was not negligent and breached no duty to plaintiff. The duty imposed by Labor Law § 241 (6) is nondelegable *(Simon v Schenectady N. Congregation of Jehovah's Witnesses,* 132 AD2d 313, 316; *Lindner v Kew Realty Co.,* 113 AD2d 36, 42-43). It appears that defendant failed to make a prima facie showing of entitlement to judgment as a matter of law by tendering sufficient evidence to eliminate any material issues of fact from the case, thereby requiring denial of the motion *(see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851). The present contention of defendant that no violations of the Industrial Code contributed to the accident *(see, Simon v Schenectady N. Congregation of Jehovah's Witnesses, supra,* at 317), and, accordingly, that no violation of Labor Law § 241 (6) occurred, was not raised prior to this appeal and is not properly before us *(see, Lavine v Lavine,* 127 AD2d 566, 567).

Levine, Mahoney, Casey and Harvey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially denied defendant's cross motion for partial summary judgment against third-party defendant; said cross motion granted and defendant is

awarded summary judgment against third-party defendant for both common-law and contractual indemnification; and, as modified, affirmed.