■ JOHN WASHBURN, Doing Business as TRAILHEAD LODGE, Respondent, v A.W. LAWRENCE & COMPANY, INC., Appellant, et al., Respondent. [635 NYS2d 712] —Peters, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered March 16, 1995 in Hamilton County, which, *inter alia*, denied defendant A.W. Lawrence & Company, Inc.'s motion to dismiss the complaint against it.

Plaintiff commenced this action seeking a declaration that a

certain policy of insurance procured by defendant A.W. Lawrence & Company, Inc. (hereinafter defendant) and issued by defendant Exchange Insurance Company should provide coverage for a loss sustained by plaintiff on March 22, 1994, when an unattached barn located on plaintiff's property collapsed, allegedly due to extreme snow accumulation. After plaintiff's loss was sustained, coverage under the policy was denied on the ground that the barn was allegedly not covered under the policy. Following joinder of issue, defendant served upon plaintiff a notice of discovery and inspection seeking, *inter alia*, that plaintiff produce all prior insurance policies he obtained with other insurers for the five years *prior* to the time period covered by the subject policy. Concluding that this part of defendant's demand was overly broad and also irrelevant, plaintiff failed to include the requested policies in his response to the discovery demand. Thereafter, defendant moved for an order pursuant to CPLR 3126 dismissing the complaint for willful failure to disclose or, alternatively, for an order pursuant to CPLR 3124 compelling plaintiff to comply with all aspects of the discovery demand. Supreme Court denied this motion and defendant now appeals.

We affirm. It is well settled that the "[c]ontrol of disclosure is within the sphere of the trial court's broad discretionary power and, absent abuse, should not be disturbed [on appeal]" (*Ricci v Memorial Hosp.*, 209 AD2d 786; *see, Dunlap v United Health Servs.*, 189 AD2d 1072, 1073; *Soper v Wilkinson Match [USA]*, 176 AD2d 1025). Here, we agree that defendant's request for prior insurance policies plaintiff entered into with third parties so that it could allegedly determine what plaintiff's intent on the issue of scope of coverage may not have been in the past is not "material and necessary" as that phrase is used in CPLR 3101 (a), and would not further the goals of " 'sharpening the issues and reducing delay and prolixity' " (*NBT Bancorp v Fleet/Norstar Fin. Group*, 192 AD2d 1032, 1033, quoting *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406). Significantly, "discovery is generally not permitted concerning matters which occurred prior to the transactions which are the subject of the action" (*Lapidus v Hiltzik*, 160 AD2d 682, 684).

Cardona, P. J., Mercure, Crew III and White, JJ., concur. Ordered that the order is affirmed, with costs.