■ CARDIOMAX, INC., et al., Appellants, v JAMES T. GUSTAFSON et al., Respondents. [642 NYS2d 430] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Tait, Jr., J.), entered June 6, 1995 in Madison County, which, inter alia, granted defendants' motion to dismiss the action for failure to comply with court-ordered disclosure.

Plaintiffs commenced this action in May 1993 charging defendants, their former accountants, with professional malpractice. Following joinder of issue, defendants served plaintiffs with interrogatories and a demand to execute authorizations for the release of plaintiffs' personal and corporate tax returns. The interrogatories were not answered and plaintiffs declined to supply the requested tax authorizations on the ground that the demand therefor was overly broad.

In October 1994, six months after the authorizations were initially sought, defendants moved to compel plaintiffs to respond to their outstanding demands, asking that plaintiffs' complaint be dismissed pursuant to CPLR 3126 if they failed to do so. Before the motion was argued, plaintiffs agreed to the entry of a conditional order of dismissal, and on January 12, 1995 such an order, decreeing that the action would be dismissed if plaintiffs did not, within 30 days, furnish answers to defendants' interrogatories and the requested tax authorizations, was entered in the County Clerk's office. Plaintiffs answered the interrogatories prior to the expiration of the 30-day deadline but continued to refuse to submit the authoriza-

---

tions. As a result, Supreme Court granted defendants' motion to dismiss the complaint, prompting this appeal.

A trial court has broad discretionary powers with regard to discovery matters, and its orders relating thereto will not be disturbed on appeal absent a showing that such discretion has been abused (*see, Dunlap v United Health Servs.*, 189 AD2d 1072, 1073; *Soper v Wilkinson Match [USA]*, 176 AD2d 1025). No such showing has been made here.

Plaintiffs repeatedly refused over the course of more than a year to comply with defendants' discovery demands, yet did not seek relief therefrom. To avoid the effects of the conditional order of dismissal, to which they had previously assented, plaintiffs were required to demonstrate (1) a reasonable excuse for the delay, and (2) a meritorious cause of action (*see, Quigley v Jabbur*, 124 AD2d 398, 399; *Jones v Bryce*, 76 AD2d 966, 966-967). Instead of making the requisite showing, however, plaintiffs merely argued that they had substantially complied with defendants' demands except insofar as they found them to be overbroad. Under these circumstances, enforcement of the conditional order, as written, was not improper (*see, Zletz v Wetanson*, 67 NY2d 711, 713; *Kirkland v Community Hosp.*, 187 AD2d 566, 566-567).

We have examined plaintiffs' remaining contentions and find them to be either without merit or not subject to this Court's review, having been raised for the first time on appeal (*see, Connecticut Natl. Bank v Peach Lake Plaza*, 204 AD2d 909, 911).

Cardona, P. J., Mikoll, Crew III and Casey, JJ., concur. Ordered that the order is affirmed, with costs.