■ ELMA BENNETT, Appellant, v TWIN PARKS NORTHEAST HOUSES, INC., et al., Respondents. [649 NYS2d 713] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered June 14, 1995, which granted plaintiff's motion to reargue a prior discovery order (same court and Justice), entered January 31, 1995, and, upon reargument, modified the prior order to direct defendants to produce incident reports of any violent criminal activity in the subject housing complex during the three years preceding the incident in question, modified, on the law, the facts and in the exercise of discretion, to direct defendants to produce all incident reports for the complex for the period in question which involved rape, attempted rape, sexual assault, sodomy, robbery, loitering, drug use, murder, attempted murder, assault and vandalism, and otherwise affirmed, without costs.

This action stems from the assault and rape of plaintiff on October 7, 1993 in the lobby and elevator of an apartment building which is located at 735 Garden Street in the Bronx and is part of a three building complex owned and secured by the defendants. Plaintiff seeks damages based on defendants' alleged negligence in providing security for the building.

The only issue on this appeal is the breadth of a discovery order issued in response to a request by plaintiff for all incident reports for the entire complex which involved rape, attempted rape, sexual assault, sodomy, robbery, loitering, drug use, murder, attempted murder, assault and vandalism. By order dated January 31, 1995, the IAS Court directed the defendants to turn over any incident reports of any prior rape, attempted rape and assault which occurred on the subject premises in the prior three year period. Upon plaintiff's motion for reargument, the court expanded the scope of the order to include the entire complex, rather than just the building in which the crime took place and to include incident reports relating to any violent criminal activity.

Plaintiff now appeals, arguing that the court did not sufficiently expand the scope of the order.

In *Jacqueline S. v City of New York* (81 NY2d 288), the plaintiff, who was raped on property owned by defendant City, sought recovery based on allegedly inadequate security. The Court of Appeals held that a jury question was presented regarding the foreseeability of the crime based on, *inter alia*, evidence of prior illicit drug use and vagrancy on the property *(supra,* at 295). In light of this holding, it is clear that plaintiff is entitled to discovery of all of the types of incident reports which she requested, and should not be limited to those which

involved violent criminal activity. Concur—Milonas, J. P., Ellerin, Wallach, Rubin and Kupferman, JJ.

Kupferman, J., dissents and would affirm.