■ Jason McEnaney, Appellant, v State of New York, Respondent. [662 NYS2d 615] —Spain, J. Appeal from an order of the Court of Claims (Benza, J.), entered November 7, 1996, which partially granted claimant's motion to compel discovery.

Claimant, a student at the State University of New York at Albany, was shot by a fellow classmate during a hostage situation on campus in December 1994. Thereafter, claimant commenced this action against the State alleging, *inter alia*, its negligence in the security protection provided and its failure to adequately protect students against foreseeable risks.

This appeal concerns claimant's demand for discovery of "the records, notes, memos, reports, writings, communications, and documentation of or pertaining to prior attacks, unauthorized

weapons, hostage situations, assaults, security breaches, unauthorized persons on campus, for a period of January 1, 1990 through the time of the occurrence herein". The State objected to this demand, contending that it was overly broad and lacked specificity. The Court of Claims granted so much of claimant's motion to compel discovery as sought information regarding past incidents involving "unauthorized weapons" and "hostage attacks", denying the remainder thereof as either vague, overbroad or irrelevant.

Although a trial court's broad discretionary powers with regard to discovery matters, and its orders relating thereto, will not be disturbed absent an abuse of discretion (see, Washburn v Lawrence & Co., 222 AD2d 878, 879; Soper v Wilkinson Match, 176 AD2d 1025), we conclude that the Court of Claims erred in limiting discovery regarding prior assaults and attacks on campus. Discovery of materials relating to prior criminal conduct, compiled to establish foreseeability, is not limited to "the exact location where [the] plaintiff was harmed [nor must] it be of the same type of criminal conduct to which [the] plaintiff was subjected" (Jacqueline S. v City of New York, 81 NY2d 288, 294; Bennett v Twin Parks Northeast Houses, 233 AD2d 223; Savrides v Chemical Bank, 210 AD2d 151). Information pertaining to prior attacks and assaults is material and relevant to the issue of foreseeability and the adequacy of the security provided (see, Maldonado v 69-70 Assocs., 225 AD2d 1107). We find no abuse of discretion, however, in the Court of Claims' finding that the terms "security breaches" and "unauthorized persons on campus" are vague; nor is there an abuse of discretion in the court's finding that the relevance of "unauthorized persons on campus" has not been established given that the gunman was a student at the University and thus was authorized to be on campus.

Crew III, J. P., White, Peters and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied claimant's motion for discovery of materials pertaining to "assaults" and "prior attacks"; motion granted to that extent; and, as so modified, affirmed.