■ REYNOLDS METAL COMPANY, Respondent, v AETNA CASUALTY & SURETY COMPANY et al., Defendants, and TRAVELERS INDEMNITY COMPANY et al., Appellants. [663 NYS2d 919] —Cardona, P. J. Appeals (1) from an order of the Supreme Court (Demarest, J.), entered July 10, 1996 in St. Lawrence County, which, *inter alia*, denied a motion by certain defendants to compel the production of certain documents, and (2) from an order of said court, entered December 10, 1996 in St. Lawrence County, which, *inter alia*, denied a motion by certain defendants to renew the prior motion.

Plaintiff has operated an aluminum reduction plant in St. Lawrence County (hereinafter the plant) since 1959. Under orders issued by the State Department of Environmental Conservation (hereinafter the DEC) and the Federal Environmental Protection Agency (hereinafter the EPA), plaintiff has undertaken actions to clean up several contaminants, including polychlorinated biphenyls (hereinafter PCBs), polyaromatic hydrocarbons (hereinafter PAHs), fluoride, arsenic and cyanide discovered in and around the plant and in river sediments of the St. Lawrence River near the plant.

In May 1995, plaintiff commenced this declaratory judgment action against defendants and approximately 16 other insurance companies seeking coverage under insurance contracts issued between 1959 and 1986 to recover $150 million in costs expended or to be expended by plaintiff to clean up the on-site environmental contamination.[1] In its responsive pleading, defendant Travelers Indemnity Company contended that its insurance contracts contained, *inter alia*, a provision precluding coverage for costs arising from damages caused by fluorine or its compounds.

Following joinder of issue, Travelers sought discovery relating to the creation and dispersal of fluorides at the plant, plaintiff's knowledge of the contaminating properties of fluorides, and information related to the airborne dispersal of fluorides beyond the plant's property. When plaintiff opposed

---

1. References to "on-site" represent those areas of required remediation contained on the plant's property as well as a section of the St. Lawrence River near the plant.

discovery, particularly with respect to airborne fluoride dispersal, Travelers moved to compel production of, *inter alia,* that information.[2] Finding that airborne fluoride emissions were not part of the underlying Federal and State claims against plaintiff and that plaintiff was not seeking coverage for such damage, Supreme Court denied that part of Travelers' motion. Thereafter, Travelers sought renewal contending that airborne fluorides had been disposed of in the Black Mud Pond landfill, one of the areas requiring remediation at the plant for which plaintiff sought recovery. The court denied Travelers' motion noting that plaintiff agreed to disclose information concerning on-site airborne fluoride emissions. Defendants appeal.[3]

Initially, we agree with Supreme Court that the underlying Federal and State actions do not require plaintiff to remediate off-site properties. Notably, plaintiff has produced documents pertaining to its knowledge of fluoride toxicity in general and information relating to on-site fluoride emissions. We further note that in the event the nearby St. Regis Mohawk Tribe actually commences a threatened natural resources damages action against plaintiff, defendants will not be responsible for reimbursing plaintiff for the costs of any off-site airborne fluoride contamination given plaintiff's affirmative representation that it will not seek recovery under defendants' policies for such a claim. Under these circumstances, we cannot say that Supreme Court abused its broad discretion in discovery matters by limiting the scope of discovery (*see, Cardiomax, Inc. v Gustafson,* 227 AD2d 812; *Grems v City of Oneida,* 206 AD2d 732) to information pertaining to on-site airborne fluoride emissions, since Travelers has failed to establish that information pertaining to off-site airborne fluoride emissions is " 'sufficiently related to the issues in [this] litigation to make the effort to obtain it in preparation for trial reasonable' " (*Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406-407, quoting 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3101.07; *see, NBT Bancorp v Fleet/Norstar Fin. Group,* 192 AD2d 1032, 1033). In our view, information pertaining to off-site airborne fluoride emissions is neither "material" nor "necessary" (*see,* CPLR 3101 [a]; *Allen v Crowell-Collier Publ. Co., supra*) to the determination of defendants' liability under the insurance contracts.

Mikoll, Mercure, Casey and Yesawich Jr., JJ., concur. Ordered that the orders are affirmed, with one bill of costs.

2. Certain other defendants joined in Travelers' motions.
3. Defendant Aetna Casualty and Surety Company has not appealed from either order.