■ BESICORP GROUP, INC., Appellant, v MARTIN ENOWITZ, Respondent. [702 NYS2d 421] —Spain, J. Appeal from an order of the Supreme Court (Torraca, J.), entered September 10, 1998 in Ulster County, which, inter alia, denied plaintiff's motion to compel discovery.

By letter dated August 17, 1994, defendant resigned from his employment as plaintiff's treasurer claiming that he was permanently disabled in accordance with Internal Revenue Code (26 USC) § 22 (e) (3) and could no longer render services to plaintiff due to his physical condition. In 1992, after plaintiff hired defendant to be its chief financial officer and director, knowing that he suffered from a progressive neurological degenerative disease, the parties entered into a stock agreement, inter alia, granting defendant a restricted award of 100,000 shares of plaintiff's stock subject to certain conditions. The agreement included a forfeiture clause which applied in the event that defendant's employment with plaintiff was terminated prior to vesting for "any reason other than * * * death or permanent disability (as defined in Section 22 (e) (3) of the United States Internal Revenue Code * * *), including but not limited to termination voluntarily * * * or involuntarily".

Plaintiff commenced this action in June 1995 claiming that defendant had no right to the stock under the terms of the agreement and seeking, inter alia, declaratory relief that defendant was not permanently disabled and that the stock had

not vested in defendant. Defendant answered and counter-claimed demanding, *inter alia*, a declaration that he was permanently disabled at the time of the resignation and that the stock had vested in him. In a prior decision, this Court determined, *inter alia*, that defendant was not entitled to summary judgment either dismissing the complaint or on his second counterclaim seeking delivery of the shares of stock from plaintiff (235 AD2d 761). The underlying facts of this case are more fully set forth in our prior decision.

In December 1997, after defendant refused certain discovery requests by plaintiff in a May 1997 discovery demand, plaintiff moved for an order, *inter alia*, compelling defendant to produce certain documents and information pertaining to defendant's personal investments, life insurance policies, travel and telephone records, and correspondence since August 1992. By decision and order dated January 12, 1998, Supreme Court, *inter alia*, denied plaintiff's request to compel defendant to respond to paragraphs 9 through 15 of plaintiff's 1997 discovery demand. The court concluded that the requests were either overbroad or sought information which was not sufficiently material or relevant or could be obtained by other means. The court granted defendant's request for a protective order against these items of discovery, although it did not specify which deficiency or deficiencies pertained to the itemized discovery requests. Plaintiff did not appeal from the January 1998 order.

In July 1998, plaintiff again moved, *inter alia*, for an order to compel defendant to produce certain discovery items in response to its second discovery demand of June 8, 1998, which were similar to those requested in its 1997 discovery demand. By decision and order dated September 1, 1998, Supreme Court denied the motion. The court explained that "[a]s previously indicated on an earlier motion culminating in the decision of this court dated January 12, 1998, the demands continue to request information of a highly confidential nature, information which is not sufficiently material or relevant to require its production and information which can be obtained through other means". The court granted defendant's cross motion to vacate paragraphs 1 through 6 of plaintiff's second discovery demand. Plaintiff now appeals.

As an initial matter, we are not persuaded by defendant's claim that plaintiff's appeal must be dismissed as an appeal from the denial of a motion to reargue. While a motion seeking essentially the same relief as an earlier motion by the same party may be viewed as a motion to reargue (*see, Carlton v Vorosmarty*, 163 AD2d 630, 631; *State of N. Y. Higher Educ.*

*Servs. Corp. v Starr*, 158 AD2d 771, 772), and the denial of a reargument motion is not appealable as of right (*see, Matter of Town of Poestenkill v New York State Dept. of Envtl. Conservation*, 229 AD2d 650, 651; *Spa Realty Assocs. v Springs Assocs.*, 213 AD2d 781, 783), we are not of the view that the September 1998 order appealed from can be properly classified as a denial of a motion to reargue (*see*, CPLR 2221 [d] [eff July 20, 1999 (now governing motions to reargue)]).

While plaintiff's second discovery demand requests documents and information which are substantially similar to those requested in its May 1997 demand, plaintiff's second demand reflected modifications to its first demand by adding date restrictions and deleting certain requests, e.g., defendant's personal travel diaries, income tax returns and correspondence from his attorney. Further, the second demand was in large measure attributable to Supreme Court's failure in its January 1998 decision and order to itemize which infirmities applied to plaintiff's itemized first discovery demand. Even if we were to view plaintiff's July 1998 motion to compel as a reargument motion, we would interpret the September 1998 order appealed from as having granted reargument and adhered to its prior order, which is appealable to this Court (*see*, Siegel, NY Prac § 254, at 414 [3d ed]; *see*, CPLR 5701 [a] [2] [viii] [eff July 20, 1999]; *see also, Serrano v Serrano*, 186 AD2d 912, 913, n).

However, addressing the merits of plaintiff's appeal we conclude that, with one exception, Supreme Court did not abuse its discretion in denying plaintiff's request to compel defendant to comply with paragraphs 1 through 6 of its second discovery demand. The primary issue in this case is whether defendant was permanently disabled* within the meaning of the Internal Revenue Code at the time he resigned in August 1994. All six paragraphs in plaintiff's second discovery demand are overly broad and seek irrelevant information or documents in that they request materials dating back to August 1992—two years before defendant's resignation. While defendant's answer to plaintiff's interrogatory No. 3 failed to specify the dates of permanent disability he is claiming, he has since limited his position—before Supreme Court and on this appeal—to a claim of permanent disability "on or about August 17, 1994". Thus, de-

---

* Internal Revenue Code (26 USC) § 22 (e) (3) defines "permanent disability" as follows: "Permanent and total disability defined.—An individual is permanently and totally disabled if he is unable to engage in any substantial gainful activity by reason of medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."

fendant is not claiming that as of that date his disability had already existed for 12 months under Internal Revenue Code (26 USC) § 22 (e) (3).

Further, plaintiff has not demonstrated that Supreme Court abused its broad discretion with regard to disclosure matters by refusing to compel defendant to respond to paragraphs 1, 2, 3, 5 and 6 of plaintiff's second discovery demand (*see, Washburn v Lawrence & Co.*, 222 AD2d 878, 879; *Ricci v Memorial Hosp.*, 209 AD2d 786; *Soper v Wilkinson Match*, 176 AD2d 1025). We find no error in the court's determination that defendant's personal investment and financial records, credit and loans records, life insurance benefits, all nonpersonal telephone calls and all nonpersonal correspondence are highly confidential and not sufficiently material or relevant to the issues herein—pertaining to defendant's ability to perform the services required of him as an officer of plaintiff—to require their production (*see*, CPLR 3101 [a]; *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406; *Jackson v Dow Chem. Co.*, 214 AD2d 827, 828; *Allegretti-Freeman v Baltis*, 205 AD2d 859, 860).

However, we are persuaded by plaintiff's argument with respect to paragraph 4 of the second discovery demand requesting defendant's travel records, although the request is overly broad. In our view, defendant's records of out-of-town travel and related lodging in the six months preceding his August 17, 1994 resignation are relevant to the issue of his permanent disability on or about that date (*see*, CPLR 3101 [a]; *McEnaney v State of New York*, 242 AD2d 851, 852).

Cardona, P. J., Crew III, Peters and Graffeo, JJ., concur. Ordered that the order is modified, on the law and facts, without costs, plaintiff's motion granted to the extent of compelling discovery of defendant's out-of-town travel and related lodging from February 17, 1994 through August 17, 1994 pursuant to paragraph No. 4 of plaintiff's second discovery demand, and, as so modified, affirmed.