■ In the Matter of NEW YORK STATE LAWNCARE ASSOCIATION, INC., et al., Appellants, v COUNTY OF ALBANY, Respondent. [739 NYS2d 212] —Lahtinen, J. Appeals (1) from a judgment of the Supreme Court (Malone, Jr., J.), entered June 29, 2001 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, denied petitioners' motion for a temporary restraining order and a preliminary injunction, and (2) from a judgment of said court, entered August 17, 2001 in Albany County, which, inter alia, granted respondent's cross motion for summary judgment and declared that Local Law No. 1 (2001) of the County of Albany was properly enacted in compliance with the State Environmental Quality Review Act.

In August 2000, the Environmental Conservation Law was amended to implement the Neighbor Notification Law (L 2000, ch 285), relating to the commercial and residential lawn application of pesticides. Section 3 of the enabling statute added ECL 33-1004, allowing counties to pass a local law, after a public hearing, to adopt the pesticide notification provisions set forth in the statute "in their entirety and without exception" (L 2000, ch 285, § 3).

Respondent, in accordance with the statute's directive, conducted three public hearings wherein petitioners appeared and argued that the law would have a significant effect on the environment because the pesticide notification procedures would prevent proper compliance with the integrated pest

management program[1] resulting in an increased use of pesticides. Notwithstanding petitioners' arguments, in February 2001 respondent enacted Local Law No. 1 (2001) of the County of Albany (hereinafter the local law) adopting the provisions of the new law and making the local law effective March 1, 2001.

Petitioners then commenced this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment by order to show cause seeking a declaration that the enabling legislation mandated that the local law take effect January 1, 2002 and a determination that the local law was null and void because, prior to adopting the local law, respondent failed to comply with the applicable requirements of the State Environmental Quality Review Act (see, ECL art 8 [hereinafter SEQRA]). Petitioners' order to show cause contained a temporary restraining order, which was stricken, and a request for a preliminary injunction against enforcement of the local law while this matter was pending.

Supreme Court denied petitioners' motion for a preliminary injunction finding, inter alia, that respondent did not have to comply with the provisions of SEQRA prior to its enactment of the local law. Thereafter, pursuant to stipulation, Supreme Court treated the parties' submissions as motions for summary judgment, denied petitioners' motion, granted respondent's motion and declared that the local law was properly enacted in compliance with SEQRA and ECL 33-1004. Petitioners appealed from both judgments. At oral argument, however, the parties advised this Court that the only substantive issue to be decided on this appeal is whether respondent had to comply with the requirements of SEQRA prior to enacting the local law.[2]

We find that the language of ECL 33-1004 (1) is unambiguous and allowed respondent to opt into the neighbor notification program after conducting a public hearing without regard to "any other provision of law to the contrary," including SEQRA. Consequently, we affirm Supreme Court's judgment

1. Integrated pest management program (see, Agricultural and Markets Law art 11) is defined in 6 NYCRR 325.1 (al) as "a systematic approach to managing pests which focuses on long-term prevention or suppression with minimal impact on human health, the environment and nontarget organisms."

2. Respondent raised the procedural issues of petitioners' standing and that petitioners' challenge to the local law was improperly brought as a CPLR article 78 proceeding instead of an action for declaratory judgment. Since these issues were raised for the first time on appeal, we will not consider them (see, e.g., Cardiomax, Inc. v Gustafson, 227 AD2d 812, 813).

granting respondent's motion for summary judgment. ECL 33-0303 vests the Department of Environmental Conservation and its Commissioner with "exclusive jurisdiction over 'all matters pertaining to the distribution, sale, use and transportation of pesticides' " (*Matter of Chemical Specialties Mfrs. Assn. v Jorling*, 85 NY2d 382, 388, quoting ECL 33-0303 [1]). As directed by the new legislation (*see*, L 2000, ch 285), appropriate rules and regulations implementing the new law (*see*, ECL 33-1005; 6 NYCRR 325.41) were promulgated by the Commissioner of Environmental Conservation after a short environmental assessment form was completed and a negative declaration was issued for this unlisted action (*see*, 6 NYCRR 617.3 [a], [c] [1]), concluding that adoption of the proposed rules and regulations would not have a significant effect on the environment.

Given the preemption of this area established by ECL 33-0303 (1), the requirement that any local law adopted by a county be comprised of the provisions of ECL 33-1004 "in their entirety and without exception," the negative declaration issued by the Department of Environmental Conservation after its environmental assessment and the stated purpose, inter alia, of the Neighbor Notification Law "to reduce the risks from pesticide use by providing an incentive to applicators to fully implement integrated pest management approaches that first try to avoid the use of pesticides and then favor the use of least toxic pesticides" (Mem of NY Senate in Support, 2000 McKinney's Session Laws of NY, at 1728), we find the clear intent of the Legislature was to permit counties to adopt a local law under the provisions of the Neighbor Notification Law without complying with SEQRA.

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the judgments are affirmed, without costs.

