CVETKO BLASKOVIC, Respondent, v PENGUIN HOUSE TENANTS CORPORATION, Appellant and Third-Party Plaintiff-Appellant-Respondent. EASTERN STORE FRONT, INC. Third-Party Defendant-Respondent-Appellant.

After review of the record herein, the damages appear to us to be excessive to the extent indicated.

As to the third-party complaint, it is well settled that implied indemnification is available to a defendant compelled to pay damages entirely because of the negligence of a third party (*D'Ambrosio v City of New York*, 55 NY2d 454; *Trustees of Columbia Univ. v Mitchell/Giurgola Assocs.*, 109 AD2d 449, 453). Plaintiff has failed to establish that defendant and third-party plaintiff bears any more than vicarious liability by virtue of section 240 (1) of the Labor Law for the injuries sustained by plaintiff. The record is not sufficient to establish that defendant and third-party plaintiff exercised direct control over the erection of the scaffolding alleged to have been faulty.

It is not open to dispute that the scaffold was supplied and erected by third-party defendant, and it is third-party defendant which is responsible for its safety. As we pointed out in *Calla v Shulsky* (148 AD2d 60), section 240 (1) of the Labor Law provides an economic inducement to an owner or general contractor to exercise some oversight to see that scaffolding erected by a contractor or subcontractor is safe. In the absence of evidence which demonstrates that an owner actually directed the work, however, the basis of his liability remains vicarious, and he may recover over against the wrongdoer under the theory of implied indemnification.

Even if we were to credit plaintiff's testimony, as the trial court did, that there was plywood covering a hole in the sidewalk upon which the scaffold was erected, it is the duty of the third-party defendant which erected the scaffold to compensate for existing conditions at the work site. There is no suggestion that there existed any latent defect which third-party defendant could not with reasonable diligence perceive. To the contrary, as the trial court noted, plaintiff himself testified that he requested additional planks "to stabilize the sheets of plywood under the scaffold, but the plaintiff was told to work 'with what he had.' " Concur—Kupferman, J. P., Carro, Milonas, Ellerin and Rubin, JJ.