■ THEODORE DEWITT et al., Plaintiffs, v PIZZAGALLI CONSTRUCTION COMPANY et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Defendant. ONTARIO PAINTING, INC., Third-Party Defendant-Appellant.—Harvey, J. Appeal from an order and judgment of the Supreme Court (Swartwood, J.), entered January 4, 1991 in Chemung County, which, inter alia, partially granted third-party plaintiffs' motion for partial summary judgment.

On June 27, 1987, plaintiff Theodore Dewitt sustained personal injuries when he fell from a ladder while coal-tar painting the upper portion of the inside of a waste tank in

connection with the construction of a waste water treatment plant for the Chemung County Sewer District in the Town of Southport, Chemung County. Defendant Pizzagalli Construction Company was the prime contractor for general construction of the project and it had subcontracted with third-party defendant, Ontario Painting, Inc., to do all the required painting, damp-proofing and coating work. As part of the subcontract, Ontario agreed to acquire and maintain certain types of insurance during the life of the contract and to generally indemnify, among others, Pizzagalli against any loss or liability caused by any act of Ontario or persons on the job site with Ontario's express or implied consent. Ontario entered into an agreement with Dewitt's employer, Employee Management Services, for that company to provide laborers at the worksite.

Following the accident, Dewitt and his wife commenced this action principally alleging violations of Labor Law §§ 200, 240 and 241. Defendants answered and initiated a third-party action against Ontario alleging contractual and common-law indemnification and breach of contract. Plaintiffs subsequently moved for partial summary judgment on their Labor Law § 240 claim. Defendants moved in the third-party action for summary judgment against Ontario. Supreme Court granted plaintiffs' motion and partially granted defendants' motion in the third-party action insofar as they sought summary judgment on their contractual and common-law indemnity claims. This appeal by Ontario ensued.

There must be an affirmance. In our view, Supreme Court appropriately granted summary judgment to defendants against Ontario on their causes of action based upon common-law and contractual indemnity. With respect to the common-law claim, we note that a general contractor is entitled to common-law indemnity against a subcontractor where the general contractor has been held liable not because of any actual negligence, but because of the imposition of vicarious liability under the Labor Law (see, *Hawthorne v South Bronx Community Corp.,* 78 NY2d 433, 437; *Blaskovic v Penguin House Tenants Corp.,* 158 AD2d 434, 435; *Young v Casabonne Bros.,* 145 AD2d 244, 247). Significantly, under the common law (as codified in Labor Law § 200), an owner or general contractor will not be liable for injuries which arise out of defects in a subcontractor's own tools, plant or the details of the subcontractor's work, unless the general contractor exercises control over the work (see, *Rapp v Zandri Constr. Corp.,*

165 AD2d 639, 641-642; *Young v Casabonne Bros., supra; see also, De Crisci v P & C Food Mkts.,* 107 AD2d 1029, 1030).

Here, Dewitt's affidavit averred that he was instructed by his supervisor, an employee of Ontario, to complete application of a coating to the interior of the tank. To do this work, Dewitt used a wooden ladder not equipped with safety feet that had allegedly been placed at the worksite by one of Ontario's officers. Dewitt states that his work was inspected solely by Ontario's employees and he was not told by anyone else how to use the ladder. These statements were supported by testimony from Pizzagalli's employees who confirmed that no one from Pizzagalli supervised, directed, controlled or provided safety equipment, ladders and instruction to Dewitt. Pizzagalli's employees stated that, unlike the ladder Dewitt used, all of Pizzagalli's ladders had safety feet. Dewitt would have had to have permission to use one of Pizzagalli's ladders, which he did not have. Ontario does not deny possible ownership of the ladder, but only asserts that it allegedly does not know the owner and that, therefore, it could have belonged to Pizzagalli.

We find these undisputed facts sufficient to establish that the accident did not occur through the negligence of Pizzagalli and occurred in the course of Ontario's work due to a defect in Ontario's own equipment or methods *(see, Blaskovic v Penguin House Tenants Corp., supra).* Although Ontario relies on the general supervisory powers retained by Pizzagalli in the parties' contract to create a question of fact defeating summary judgment, such a retention is insufficient to establish control so as to make a general contractor liable in negligence for the actions of a subcontractor *(see, Ortiz v Ulh,* 39 AD2d 143, *affd* 33 NY2d 989; *see also, Fox v Jenny Eng'g Corp.,* 122 AD2d 532, *affd* 70 NY2d 761). Of greater significance in this case is the provision in the parties' contract which states that Ontario was to furnish all equipment for its own work and was responsible for all safety precautions necessary or appropriate to perform its work *(see, Young v Casabonne Bros.,* 145 AD2d 244, 247, *supra).*

Finally, we disagree with Ontario that summary judgment on the contractual indemnity claim was inappropriately granted. Ontario's invocation of General Obligations Law § 5-322.1 is inapposite in this case. The fact that Pizzagalli is or may be vicariously liable under various sections of the Labor Law does not prohibit enforcement of the indemnification clause pursuant to General Obligations Law § 5-322.1 here since Ontario failed to meet its burden of establishing some

negligence on Pizzagalli's part *(see, Brown v Two Exch. Plaza Partners,* 76 NY2d 172, 175). Because we do not find Ontario's remaining arguments concerning Supreme Court's interpretation of the parties' indemnification clause persuasive, no basis for disturbance of Supreme Court's decision is presented.

Mercure, J. P., Crew III, Mahoney and Casey, JJ., concur. Ordered that the order and judgment is affirmed, with one bill of costs.