■ Leonard F. Iveson et al., Appellants, v Sweet Associates, Inc., et al., Defendants, and STS Steel, Inc., Respondent. (And a Third-Party Action.) [610 NYS2d 382] —White, J. Appeal from that part of an order of the Supreme Court (Cardona, J.), entered December 14, 1992 in Albany County, which granted a cross motion by defendant STS Steel, Inc. for summary judgment partially dismissing plaintiffs' second cause of action against it.

In 1987, defendant Sweet Associates, Inc., the prime general construction contractor for a renovation project being undertaken in the State Education Building in the City of Albany, entered into a subcontract with defendant STS Steel, Inc. for the fabrication and installation of steel catwalks. Thereafter, on January 26, 1989, plaintiff Leonard F. Iveson, while engaged in the work of his employer, sustained personal injuries while attempting to cross from a catwalk furnished by STS to an older catwalk.

Plaintiffs commenced this personal injury and derivative action alleging, inter alia, violations of Labor Law §§ 200, 240 (1) and § 241 (6). After joinder of issue in the main and third-party actions, Sweet moved for summary judgment against STS for indemnification. STS responded by cross-moving for summary judgment dismissing the complaint against it, or, in the alternative, dismissing plaintiffs' cause of action predicated upon Labor Law § 240 (1). Supreme Court granted STS'

cross motion to the extent of dismissing that part of plaintiffs' second cause of action alleging a violation of Labor Law § 240 (1). Plaintiffs appeal.

Labor Law § 240 (1) imposes a nondelegable duty upon owners, contractors and their agents to furnish or erect suitable devices to protect workers from elevation-related hazards (see, Gordon v Eastern Ry. Supply, 82 NY2d 555, 559). As it is undisputed that STS was not an owner or general contractor, liability may be imposed upon it only if it is found to have been an agent within the meaning of Labor Law § 240 (1). That requires a showing that STS had the authority to supervise or control the work out of which the injury arose regardless of whether it actually did so (see, Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 500; Russin v Picciano & Son, 54 NY2d 311, 318; Riley v S & T Constr., 172 AD2d 947, 948, lv denied 78 NY2d 853).

Plaintiffs argue that STS did exercise control because the manner in which the catwalks were manufactured and installed controlled the manner in which Iveson performed his tasks. A similar argument was raised and rejected in Walsh v Sweet Assocs. (172 AD2d 111, 114, lv denied 79 NY2d 755), where we stated that the determinative factor on the issue of control is not whether a subcontractor furnishes equipment but whether it has control of the work being done and the authority to insist that proper safety practices be followed. As there is no proof that STS exercised such authority with respect to the work that Iveson was performing, Supreme Court's dismissal of the cause of action predicated upon Labor Law § 240 (1) was proper (see, Bjelicic v Lynned Realty Corp., 152 AD2d 151, 154, appeal dismissed 75 NY2d 947). Accordingly, we affirm.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.