■ POUL HEILMANN et al., Respondents, v BRONX RIVER ASSOCIATES, Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. CAPCO BURNER SERVICE, Third-Party Defendant-Appellant; L.J. COPPOLA, INC., Third-Party Defendant-Respondent. (And Other Related Titles.) [611 NYS2d 884] —In an action to recover damages for personal injuries, etc., Capco Burner Service appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Burrows, J.), dated August 28, 1992, as denied the branch of its motion which was for summary judgment dismissing so much of the third-party complaint as is asserted against it based upon negligence, and the cross-claims and counterclaims asserted by L.J. Coppola, Inc., against it based upon negligence.

Ordered that the order is reversed insofar as appealed from, on the law, and the motion by Capco Burner Service for summary judgment dismissing so much of the third-party complaint and the cross claims and counterclaims by L.J. Coppola, Inc., as are asserted against it based upon negligence is granted; and it is further,

Ordered that the appellant is awarded one bill of costs, payable by the respondents appearing separately and filing separate briefs.

This appeal concerns actions arising out of an accident in which the plaintiff, Poul Heilmann, was burned in an explosion and fire that occurred while he was welding a pipe to a boiler in a building owned jointly by the defendants Bronx River Associates and The City of Yonkers (hereinafter the owners). After the plaintiff commenced suit against the owners, Bronx River Associates commenced a third-party action against Capco Burner Service (hereinafter Capco), the general contractor hired by the owners to install a new boiler in the building, and L.J. Coppola, Inc. (hereinafter Coppola), a subcontractor hired by Capco to do certain welding necessary to install the boiler. The injured plaintiff was an employee of Coppola. Capco, asserting that any negligence committed was committed solely by Coppola, moved, *inter alia,* for summary judgment dismissing so much of the third-party complaint and the cross claims and counter-claims asserted by Coppola against it which are based upon negligence. The motion was denied. We reverse.

In support of its motion for summary judgment, Capco submitted affidavits containing evidentiary facts sufficient to establish a prima facie case that the source and cause of the explosion and fire at issue was the faulty equipment and/or negligence of Coppola *(see, Vermette v Kenworth Truck Co.,* 68 NY2d 714). As there is no competent evidence submitted to the contrary, there is no basis for holding that Capco is guilty of any negligence in connection with the explosion and fire. Therefore, Capco's motion for summary judgment insofar as it sought dismissal of all causes of action as against it sounding in negligence should have been granted.

Coppola contends that Capco's duty as general contractor was to provide a safe work site, and the degree of supervision and control exercised by Capco over the work of Coppola raises issue of fact which prevent summary judgment. We disagree.

Although a general contractor has a duty to provide a safe workplace *(see, Persichilli v Triborough Bridge & Tunnel Auth.,* 16 NY2d 136), this duty is not breached and the general contractor is not held liable, with certain exceptions, for injuries arising from a defect in the subcontractor's own plant, tools, method or negligent act as to a detail of its work *(see, e.g., Dewitt v Pizzagalli Constr. Co.,* 183 AD2d 991; *Wright v Esplanade Gardens,* 150 AD2d 197; *Pannone v Burke,* 149 AD2d 673; *Gallo v Supermarkets Gen. Corp.,* 112 AD2d 345; *Vaniglia v Northgate Homes,* 106 AD2d 384; *Rapp v Zandri Constr. Corp.,* 165 AD2d 639). Here, the unrebutted

evidence submitted by Capco indicates that it was not negligent. Thus, Coppola's argument presents no bar to summary judgment.

We note that Capco has abandoned on appeal its argument that it cannot be held contractually liable to the Bronx River Associates for any liability imputed to the Bronx River Associates arising from the alleged negligence of Coppola. However, as this liability is purely vicarious, to the degree that Capco is held liable for the alleged negligence of Coppola, it is entitled to common-law indemnity from Coppola *(see, Hawthorne v South Bronx Community Corp.,* 78 NY2d 433; *Dewitt v Pizzagalli Constr. Co.,* 183 AD2d 991, *supra; Blaskovic v Penguin House Tenants Corp.,* 158 AD2d 434). Finally, because all the pleadings in the various actions are not before this Court, we decline Capco's request to "search the record" and find that Coppola is solely liable for the negligence alleged. Balletta, J. P., Copertino, Hart and Krausman, JJ., concur.