■ GIUSEPPE PANETTA et al., Plaintiffs, v BELTRONE CONSTRUCTION COMPANY, INC., Defendant and Third-Party Plaintiff-Appellant. COLONIE MASONRY CORPORATION OF ALBANY, INC., Third-Party Defendant-Respondent. [640 NYS2d 675] —Mercure, J. Appeal from an order of the Supreme Court (Teresi, J.), entered July 13, 1995 in Albany County, which, *inter alia*, denied third-party plaintiff's cross motion for summary judgment on its third-party causes of action for common-law and contractual indemnity.

Plaintiffs commenced this action to recover for injuries sustained by plaintiff Giuseppe Panetta (hereinafter plaintiff) in a February 11, 1991 construction accident. In connection with his employment with third-party defendant, Colonie Masonry Corporation of Albany, Inc., a subcontractor engaged to construct masonry walls on a project at a State correctional facility, plaintiff was moving the planking on a scaffold when the scaffold failed, causing him to fall to a concrete floor approximately 10 feet below. The complaint against defendant, Beltrone Construction Company, Inc., a general contractor on the project, alleges violations of Labor Law §§ 200, 240 and 241 (6). Beltrone's third-party action against Colonie Masonry asserts claims for common-law and contractual indemnity. Ultimately, plaintiffs moved for summary judgment on the issue of liability against Beltrone and Beltrone cross-moved for summary judgment on its indemnity causes of action against Colonie Masonry. Supreme Court granted plaintiffs' motion but denied Beltrone's cross motion, finding questions of fact with regard to the issue of Beltrone's "supervision and control". Beltrone appeals so much of Supreme Court's order as denied its cross motion.

Because the uncontradicted evidence adduced on the motion absolved Beltrone of any culpability in connection with the defective scaffold that caused plaintiff's injuries (*see, Brown v Sagamore Hotel*, 184 AD2d 47, 52; *DeWitt v Pizzagalli Constr. Co.*, 183 AD2d 991, 992-993; *cf., Young v Casabonne Bros.*, 145

AD2d 244, 247-248), we are constrained to conclude that Supreme Court erred in denying Beltrone's cross motion. The evidence showed that although Beltrone exercised general supervisory powers consistent with its role as a general contractor, including the coordination of the work of the various subcontractors and directing the order in which the various assignments were performed (*see, DeWitt v Pizzagalli Constr. Co., supra*), it had nothing to do with Colonie Masonry's actual work methods or the erection of the subject scaffold. To the contrary, it is undisputed that the scaffold was constructed by Colonie Masonry's employees, with Colonie Masonry's materials and equipment, and under the superintendence of Colonie Masonry's foremen and supervisor, who inspected the scaffold after it was up. In addition, the contract between Beltrone and Colonie Masonry specifically required the latter to "supply all labor, material, equipment, tools [and] supervision * * * [and] conform and perform according to the Williams-Steiger Occupational Safety and Health Act of 1970 and any other safety regulations governing on this job * * * [and be] responsible for the proper execution of [the same]".

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as denied defendant's cross motion for summary judgment on the issue of liability on its third-party causes of action for common-law and contractual indemnity; said motion granted and defendant is granted summary judgment on the issue of liability on its third-party action for common-law and contractual indemnity against third-party defendant; and, as so modified, affirmed.