■ GARY WELSH, Respondent, v COUNTY OF ALBANY et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Defendant. BROWNELL STEEL, INC., Third-Party Defendant-Appellant. [652 NYS2d 384] —Spain, J. Appeal from an order of the Supreme Court (Harris, J.), entered May 2, 1996 in Albany

County, which, *inter alia*, granted cross motions by defendants County of Albany and General Steel Fabricators, Inc. for summary judgment on their third-party complaint.

On March 3, 1992 plaintiff, a journeyman ironworker, was injured while laying metal decking with his co-worker, Ronald Alund, at the Albany County Jail. On the date of the accident both plaintiff and Alund were employees of third-party defendant, Brownell Steel, Inc. (hereinafter Brownell). The two were working on the first floor, approximately 15 to 18 feet above the ground. While the two were laying a piece of metal deck, Alund made a "sudden movement" and plaintiff lost his balance and fell through an open steel area onto a concrete pier approximately 15 to 18 feet below. It is undisputed that no safety device was provided for plaintiff to prevent him from falling. Brownell contends, however, that proper procedures were employed to ensure that the work that plaintiff was performing was safe and in compliance with the applicable State and Federal regulatory standards.

The building was owned by defendant County of Albany. The County had contracted with defendant General Steel Fabricators, Inc. (hereinafter GSF) to construct 200 cells. GSF subcontracted the metal deck and accessory work to Brownell. Pursuant to a contract between GSF and Brownell, Brownell was required to observe and conform to all applicable safety regulations, "including OSHA". The contract also had a "hold harmless clause" which stated in relevant part as follows: "[Brownell] shall indemnify and hold harmless [GSF] and [the County] * * * from and against all claims * * * arising out of * * * the performance of [Brownell's] work hereunder, provided that any such claim * * * (a) is attributable to bodily injury * * * and (b) is caused in whole or in part by any negligent act or omission of [Brownell] * * * regardless of whether it is caused in part by a party indemnified hereunder."

The County contracted with defendant Barry Bette & Led Duke, Inc. (hereinafter BBL) to serve as the general contractor. BBL was obligated to monitor the specific work of the individual contractors on the job site; maintain a full-time supervisor on-site to coordinate and provide general direction to the contractors; conduct periodic job meetings to discuss procedures, progress, problems and scheduling; determine the adequacy of contractors' personnel and equipment; and review safety programs and procedure of contractors.

Plaintiff commenced this action alleging Labor Law violations against the County, GSF and BBL for personal injuries

sustained when he fell through the open steel area. The County and GSF commenced a third-party action against Brownell for contractual and common-law indemnification for any judgment rendered against them. Plaintiff moved for partial summary judgment against defendants on the issue of liability for violations of Labor Law § 240 (1). Defendants opposed the motion and each separately cross-moved for summary judgment on the third-party complaint against Brownell. Brownell cross-moved for an order to compel BBL to submit to an examination before trial and for reservation on the other motions until discovery was complete. Supreme Court granted plaintiff's motion and defendants' cross motions seeking indemnification, but denied Brownell's cross motion. Brownell now appeals only that portion of the order which granted plaintiff's motion and the County's and GSF's cross motions.

We affirm. Initially we reject Brownell's contention that the County's and GSF's cross motions were premature. To successfully contend that a motion for summary judgment is premature, the party in opposition must demonstrate how further discovery might reveal the existence of material facts which are currently within the exclusive control of the moving party (*see, Castrol, Inc. v Parm Trading Co.*, 228 AD2d 633, 634; *Halsey v County of Madison*, 215 AD2d 824, 824-825; *Carrington v City of New York*, 201 AD2d 525, 527; *Passaretti v Aurora Pump Co.*, 201 AD2d 475, 476). The party opposing summary judgment must also demonstrate how further discovery is likely to reveal facts which would affect the outcome (*see, Interested Underwriters at Lloyd's v H.D.I. III Assocs.*, 213 AD2d 246, 248). An opposing party's "mere conclusions, expressions of hope or unsubstantiated allegations or assertions" are insufficient to defeat a motion for summary judgment (*Zuckerman v City of New York*, 49 NY2d 557, 562).

Here, Brownell contends that the requested BBL deposition is critical to a full and fair evaluation of the liability issues regarding defendants' potential negligence. Significantly, the discovery sought was from a BBL representative, not from either of defendants. Moreover, Brownell averred only that the BBL deposition "could quite possibly turn over more information to support [Brownell's] opposition". In our view, Brownell failed to demonstrate specifically what new information would have been revealed which would affect the outcome.

Next, it is our view that Supreme Court properly granted summary judgment to the County and GSF against Brownell on their causes of action based upon contractual and common-law indemnity. It is well settled that a "subcontractor may be

obligated to indemnify under the common law upon proof that its actual negligence caused the accident, but it can also be held liable where it 'had the authority to direct, supervise and control the work giving rise to the injury' " (*Rodriguez v Metropolitan Life Ins. Co.*, 234 AD2d 156, quoting *Terranova v City of New York*, 197 AD2d 402). Here, the record reveals that Brownell was to furnish all of its own equipment and was responsible for its employees' safety under the contract. Brownell's foreman was empowered to make all decisions with respect to safety devices provided and he stated that it was Brownell's decision not to provide any safety devices on this job, at the first-floor level. Brownell presented no evidence, beyond allegations of negligent supervision, that GSF was responsible in any way for actually causing plaintiff's injury (*see, GTF Mktg. v Colonial Aluminum Sales*, 66 NY2d 965, 967-968; *Zuckerman v City of New York, supra*, at 563). Notably, the cause of plaintiff's injury was the "sudden movement" of his co-worker, an employee of Brownell. Moreover, Brownell's contention that GSF failed to establish specific safety violations is unavailing. GSF demonstrated its entitlement to indemnification by demonstrating that it lacked supervision and control over Brownell's work; even though GSF kept a close eye on the work of Brownell and represented Brownell at weekly meetings, this was insufficient to establish GSF's negligence which was required to defeat a summary judgment motion.

Further, the record reveals that the County, as owner, was less involved than GSF in the operations of Brownell's work. Brownell demonstrated that the County's only involvement with the project was its retention of the right to notify the construction manager of any "fault or defect in the [p]roject of non-conformance with the drawings and specifications", and its reservation of the right to "perform work related to the [p]roject with the [o]wner's own forces". However, the fact that Brownell was responsible for the safety of its workers on the project, and that the accident occurred in the course of work being performed by Brownell, both support Supreme Court's granting of summary judgment to the County (*see, Dunlap v United Health Servs.*, 189 AD2d 1072, 1074; *Blaskovic v Penguin House Tenants Corp.*, 158 AD2d 434, 435).

Next, Brownell's supervisor testified that he was never told that any safety devices were required for laying the first-floor decking, or to put up netting or a catch platform, or to plank the job; nor was he told that the manner in which Brownell's workers were working was in violation of OSHA standards. In our view, the record presents evidence that GSF may be vicari-

ously liable for plaintiff's injuries; such finding does not, however, prohibit enforcement of the indemnification clause unless Brownell also established that GSF was actually negligent (*see*, *Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 180-181; *De Witt v Pizzagalli Constr. Co.*, 183 AD2d 991, 993-994; *see also*, Labor Law § 240 [1]).

Finally, we reject Brownell's contention that Supreme Court erred in finding that Labor Law § 240 was violated and that the violation was the proximate cause of plaintiff's injuries. Where no safety devices are provided to protect a worker from an elevation-related risk, a violation of Labor Law § 240 (1) is established as a matter of law (*see*, *Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 521; *Beesimer v Albany Ave./Rte. 9 Realty*, 216 AD2d 853, 854). It is also well established that absolute liability is imposed where the failure to provide any safety devices was a substantial cause of a plaintiff's injury (*see*, *Gordon v Eastern Ry. Supply*, 82 NY2d 555, 559-560). Here, the record supports Supreme Court's conclusion that there was no safety device to prevent plaintiff from falling into an open steel area and into a concrete pier approximately 16 feet below. Brownell's attempt to defeat plaintiff's entitlement to summary judgment by raising an issue of the sufficiency of its safety procedures is misplaced. Because Brownell failed to demonstrate that safety devices were implemented, there was no need for a jury to evaluate the sufficiency of any safety devices.

Mikoll, J. P., Casey, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is affirmed, with one bill of costs.