■ JAMES D. MAREK et al., Plaintiffs, v DePOALO & SON BUILDING MASONRY, INC., Defendant and Third-Party Plaintiff-Appellant. CMC CORPORATION, Third-Party Defendant-Respondent. [659 NYS2d 331] —Spain, J. Appeals (1) from an order of the Supreme Court (Lynch, J.), entered April 9, 1996 in Schenectady County, upon a verdict rendered in favor of third-party defendant, and (2) from the judgment entered thereon.

Plaintiff James D. Marek (hereinafter plaintiff), a project manager/superintendent employed by third-party defendant, CMC Corporation (hereinafter CMC), was injured on a construction project at Great Meadow Correctional Facility (hereinafter the project) in Washington County when he fell while covering pallets stacked with bags of mortar. Defendant served as the general contractor on the project and subcontracted the

masonry work with CMC. Following commencement of this action and a derivative claim which alleged, *inter alia*, negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6), defendant commenced a third-party action against CMC for contribution and indemnification. At the close of the evidence at trial, Supreme Court directed a verdict in plaintiffs' favor regarding defendant's Labor Law § 240 (1) violation. Thereafter, plaintiffs withdrew the negligence and violations of Labor Law §§ 200 and 241 (6) causes of action, leaving only the derivative claim and the issue of damages regarding defendant's violation of Labor Law § 240 (1) for the jury to decide. Defendant's motion for a directed verdict against CMC seeking common-law indemnification and CMC's motion to dismiss the third-party complaint were denied. During jury deliberations the parties entered into a stipulation of settlement, leaving only the apportionment of liability between defendant and CMC for the jury to decide. The jury found that CMC was not negligent and defendant moved to set aside the verdict as against the weight of the evidence. Supreme Court denied defendant's motion and defendant appeals.

We affirm. A verdict should not be set aside as against the weight of the evidence unless the evidence so preponderates in favor of the moving party that the jury could not have reached its verdict upon any fair interpretation of the evidence (*see*, *Grassi v Ulrich*, 87 NY2d 954, 956). Notably, a subcontractor has a common-law duty to indemnify the general contractor if the subcontractor's actual negligence contributed to the accident or if the subcontractor " ' "had the authority to direct, supervise and control the work giving rise to the injury" ' " (*Welsh v County of Albany*, 235 AD2d 820, 822, quoting *Rodriguez v Metropolitan Life Ins.*, 197 AD2d 156, quoting *Terranova v City of New York*, 197 AD2d 402).

Here, pursuant to a written subcontractor agreement, CMC contracted with defendant to provide masonry work for the project. Michele DePoalo, one of defendant's corporate officers, testified that defendant had full and continuing responsibility to insure and protect all materials and maintain them in proper condition prior to installation. It is uncontested that on the date of the accident Kevin Brennan, defendant's project manager, told plaintiff to cover the bags of mortar. Plaintiff testified that no safety devices were provided by Brennan to accomplish this task; plaintiff also testified that there were no ladders or scaffolding provided by CMC at the job site. When plaintiff reached the top of the bags of mortar he fell backward and was injured. Raymond Irish, vice-president of CMC, testi-

fied that with respect to the project defendant, as the general contractor, had overall responsibility for the job site and plaintiff was answerable to defendant's directives.

In our view, Brennan's directive to plaintiff was more than merely coordinating subcontractors' activities or checking work to make sure that it was on schedule and pursuant to contract. As such, defendant had the authority to control and supervise the aspects of CMC's work which led to plaintiff's injury (*see, Dennis v Beltrone Constr. Co.*, 195 AD2d 688, 690). Further, even assuming that the bags of mortar belonged to CMC, the jury could have concluded that defendant was still directing plaintiff to undertake a task which defendant was required to perform pursuant to its contract with the State. Based on our review of the trial evidence which demonstrated that defendant directed, controlled and supervised plaintiff's work which led to his injury, we conclude that the jury's verdict was not against the weight of the evidence (*see generally, Noelle v Hofflich*, 234 AD2d 655).

Next, we reject defendant's contention that the jury's finding that CMC was not negligent was inconsistent with Supreme Court's directed verdict against defendant. In the instant case, defendant asserted CMC's liability and, therefore, defendant was required to demonstrate that CMC was in control and empowered to supervise plaintiff's activity giving rise to the injury. The record supports the conclusion that defendant failed to meet this burden since it was never conclusively proven that the bags of mortar actually belonged to CMC and, further, because the record reveals that the area in which plaintiff was injured was an area directly under defendant's supervision and control (*see, LaCroix v Migliore Constr. Co.*, 142 AD2d 980, 981).

We further reject defendant's assertion that Supreme Court's initial charge to the jury regarding the effect of the directed verdict against it mandates reversal. The record reveals that upon defendant's objection to the initial charge Supreme Court gave a curative instruction. Significantly, after the jury retired for deliberations, defense counsel moved for a mistrial based upon the prejudice caused by the court's initial instruction; the record is devoid of any objection to the curative instruction. Accordingly, defendant is precluded from raising the effect of the curative instruction on appeal (*see, Horowitz v Clearwater*, 176 AD2d 1083, 1084; *Seneca Dress Co. v Bea-Jay Mfg. Corp.*, 156 AD2d 894, 895).

In any event, we conclude that the curative instruction was adequate. Supreme Court indicated that it misspoke by telling

the jurors that the directed verdict meant that defendant was negligent; Supreme Court then clearly stated that defendant was not negligent and, rather, that the court found defendant to be at fault. Further, Supreme Court indicated that defendant was at fault by explaining that defendant was found to have violated Labor Law § 240 (1). It is clear from this instruction that Supreme Court never indicated that because a verdict was directed against defendant that it was impossible to also find CMC liable as well. Moreover, any error in the initial charge was harmless in light of the entire jury charge regarding the third-party action which emphasized the jury's role in deciding who, as between defendant and CMC, was liable for plaintiff's injuries.

Mikoll, J. P., White, Casey and Carpinello, JJ., concur. Ordered that the order and judgment are affirmed, with costs.