■ THOMAS DOYNE, Respondent, v BARRY, BETTE & LED DUKE, INC., Defendant and Third-Party Plaintiff-Appellant, and SCHENECTADY STEEL COMPANY, INC., Respondent-Appellant. BROWNELL STEEL, INC., Third-Party Defendant-Appellant-Respondent. [668 NYS2d 58] —Crew III, J. Cross appeals from an

order of the Supreme Court (Keegan, J.), entered January 2, 1997 in Albany County, which, *inter alia*, partially granted motions by defendants and third-party defendant and dismissed plaintiff's Labor Law § 240 (1) cause of action.

Plaintiff, a journeyman ironworker employed by third-party defendant, Brownell Steel, Inc., was injured on November 27, 1991 while performing work on a building located in the City of Albany. According to plaintiff, he sustained an injury to his left knee when, while standing on a bar joist on the roof of the structure, his foot slipped on a wet spot caused by melted frost. Defendant Barry, Bette & Led Duke, Inc. (hereinafter BBL) was the general contractor for the project and, in that capacity, contracted with defendant Schenectady Steel Company, Inc. (hereinafter SSC) to, *inter alia*, "[f]urnish material, labor, equipment and supervision necessary for the complete installation of [s]tructural [s]teel". SSC, in turn, contracted with Brownell "to supply all labor and equipment to erect the structural steel, floor and roof deck with accessories".

As a result of the accident, plaintiff commenced this action against defendants sounding in common-law negligence and asserting violations of Labor Law §§ 200, 240 (1) and § 241 (6). In response thereto, BBL cross-claimed against SSC for indemnification and, thereafter, commenced a third-party action against Brownell seeking similar relief. Following joinder of issue and discovery, SSC moved for summary judgment dismissing the complaint and all cross claims against it and BBL and Brownell cross-moved for similar relief. Supreme Court granted summary judgment dismissing the Labor Law § 240 (1) cause of action but denied the balance of the relief requested by the parties. These appeals ensued.

As a starting point, we are of the view that Supreme Court erred in failing to dismiss plaintiff's Labor Law § 200 claim against BBL and SSC. The duty imposed under Labor Law § 200, which merely codifies the common-law duty to provide a safe place to work, does not extend to situations where "the danger at issue is readily observable, bearing in mind the age, intelligence and experience of the worker" (*Bombard v Central Hudson Gas & Elec. Co.*, 229 AD2d 837, 838, *lv dismissed, lv denied* 89 NY2d 854). Here, plaintiff's examination before trial testimony and affidavit reveal that he observed wet spots on the bar joists on the morning of the accident and was aware of the dangers associated with frost conditions. Indeed, plaintiff testified that he had not worked two days during the week before the accident due to frost conditions which, according to plaintiff, made walking on the bar joists "like stepping on

grease" and rendered them unsafe. Under such circumstances, we conclude that plaintiff was confronted with a readily observable danger and, hence, no liability under Labor Law § 200 should attach.[1] Moreover, even accepting that the hazard in question was not readily observable, plaintiff's claims in this regard still would be subject to dismissal, as the record clearly reveals that neither BBL nor SSC actually exercised any control or supervision over the injury-producing work.

Turning to the alleged violation of Labor Law § 241 (6), SSC initially contends that Supreme Court erred in concluding that it was a statutory agent of BBL. We cannot agree. "It is well settled that the existence of a statutory agency turns upon whether the third party, who is neither an owner nor a general contractor, possessed the authority to supervise and control the work that gave rise to the plaintiff's injuries" (*Barker v Menard*, 237 AD2d 839, 841, *lv denied* 90 NY2d 804; *see, Russin v Picciano & Son*, 54 NY2d 311, 317-318). Although SSC admittedly was neither the owner nor the general contractor for the project, the contract between SSC and BBL required SSC to "[f]urnish material, labor, equipment and *supervision* necessary for the complete installation of [s]tructural [s]teel" (emphasis supplied). Hence, the record plainly demonstrates that SSC was vested with the requisite authority to supervise and control the injury-producing work, and the mere fact that SSC may not have exercised such authority is irrelevant for purposes of determining the existence of a statutory agency (*see, Currie v Scott Contr. Corp.*, 203 AD2d 825, 826, *lv dismissed* 84 NY2d 977; *Iveson v Sweet Assocs.*, 203 AD2d 741, 742).

Similarly unpersuasive is SSC and BBL's contention that the regulation relied upon by plaintiff is neither sufficiently specific to support a cause of action under Labor Law § 241 (6) nor applicable to the facts of this case. 12 NYCRR 23-1.7 (d) provides that: "Employers shall not suffer or permit any employee to use a floor, passageway, walkway, scaffold, platform or *other elevated working surface* which is in a slippery condition. Ice, snow, water, grease and any other foreign substance which may cause slippery footing shall be removed, sanded or covered to provide safe footing" (emphasis supplied). This Court previously has held that the cited regulation is sufficiently concrete and specific to support a cause of action pursuant to Labor Law § 241 (6) (*see, Francis v Aluminum Co.*, 240 AD2d

---

1. Plaintiff's common-law negligence claim fails for the same reasons.

985, 987).[2] As to the applicability of this provision, we cannot say that the bar joists upon which plaintiff was working at the time of his accident did not qualify as an "elevated working surface" within the meaning of 12 NYCRR 23-1.7 (d) (*compare, Francis v Aluminum Co.*, *supra* [steel beams located on flatbed truck did not qualify as floor, passageway or elevated area]; *Basile v ICF Kaiser Engrs. Corp.*, 227 AD2d 959 [stack of pipes did not constitute a passageway or elevated work area], *with McGrath v Lake Tree Vil. Assocs.*, 216 AD2d 877, 878 [12 NYCRR 23-1.7 (d) applies to specified work areas, such as floors, roofs or platforms]; *Durfee v Eastman Kodak Co.*, 212 AD2d 971, *lv dismissed* 85 NY2d 968 [roof constitutes an elevated work surface]). Accordingly, Supreme Court properly denied SSC and BBL's motion for summary judgment dismissing plaintiff's cause of action pursuant to Labor Law § 241 (6).

We do, however, find merit to BBL's argument that it is entitled to summary judgment with respect to its respective claims for indemnification. Pursuant to its written contract with BBL, SSC expressly agreed to, *inter alia*, "[d]efend, [i]nsure, [i]ndemnify and [s]ave [h]armless [BBL] from and against any and all liability arising from injury or death of any persons of [*sic*] damage to property to the extent occasioned wholly or in part by any act or omission of the [s]ubcontractor its agents, servants, and employees arising out of the work done and/or material supplied under the [c]ontract". Similarly, it is well settled that "a subcontractor has a common-law duty to indemnify the general contractor if the subcontractor's actual negligence contributed to the accident" (*Marek v De Poalo & Son Bldg. Masonry*, 240 AD2d 1007, 1008) or in instances where the subcontractor " ' "had the authority to direct, supervise and control the work giving rise to the injury" ' " (*Welsh v County of Albany*, 235 AD2d 820, 823, quoting *Rodriguez v Metropolitan Life Ins. Co.*, 234 AD2d 156, quoting *Terranova v City of New York*, 197 AD2d 402). Having dismissed plaintiff's negligence claims and cause of action under Labor Law § 200 and, in so doing, having concluded that BBL was not actively negligent, it necessarily follows that BBL is entitled to contractual indemnification from SSC for any wrongdoing on the part of SSC's agent, Brownell, and is entitled to common-law indemnification from Brownell as well.

---

2. Although plaintiff also alleged violations of 12 NYCRR 23-1.2 and 23-1.5, these provisions, which merely recite general safety standards, do not afford a basis for relief under Labor Law § 241 (6) (*see, Stairs v State St. Assocs.*, 206 AD2d 817, 818). In any event, plaintiff appears to rely solely upon 12 NYCRR 23-1.7 on appeal.

The parties' remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied motions by defendants to dismiss plaintiff's causes of action asserting negligence and violations of Labor Law § 200 and as denied a motion by defendant Barry, Bette & Led Duke, Inc. for summary judgment against defendant Schenectady Steel Company, Inc. and third-party defendant for indemnification; motions granted to said extent and said causes of action dismissed; and, as so modified, affirmed.