■ RANDALL J. JOHNSON, Plaintiff, v QUAIL BUILDERS, INC., Defendant, and ROSE INN et al., Defendants and Third-Party Plaintiffs-Respondents. LAKE COUNTRY MECHANICAL SYSTEMS, INC., Third-Party Defendant-Appellant. [668 NYS2d 750] —White, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered October 18, 1996 in Tompkins County, which denied third-party defendant's motion for summary judgment dismissing the third-party complaint.

Defendants Charles U. Rosemann and Sheryl E. Rosemann, the owners of defendant Rose Inn (hereinafter collectively referred to as Rosemann), retained defendant Quail Builders, Inc. to act as the general contractor for a renovation project involving a barn. Included in the project was the installation of a heating system which Quail subcontracted to plaintiff's employer, third-party defendant. Because the duct work for the heating system was to be installed under the ground floor, a number of floor joists that Quail had installed were left unconnected so that they could be moved to allow plaintiff to access the 2½ to 3-foot deep crawl space under the joists. To enable workers to walk around the barn, Quail created walkways by placing plywood sheets on top of the joists. On September 27, 1991, as plaintiff was proceeding on a walkway, a joist moved and he was thrown into the crawl space, sustaining personal injuries. Thereafter, he commenced this action alleging, *inter alia*, violations of Labor Law §§ 200 and 240 (1). Rosemann, by means of a third-party action, sought indemnification or contribution from third-party defendant. Prior to the completion of discovery, all parties, except Quail, sought summary judgment on various issues. Insofar as pertinent here, Supreme Court denied third-party defendant's motion to dismiss the third-party complaint without prejudice to renew upon the completion of discovery. When third-party defendant followed this course, Supreme Court again denied its motion. Third-party defendant appeals.

Third-party defendant argues that its motion should have

been granted as it did not install the joists or walkways nor did it supervise or control the carpentry work on the project. As will be developed, this argument is not dispositive. A subcontractor may be obligated to indemnify an owner or general contractor where its actual negligence caused the accident or where it had the authority to direct, supervise and control the work giving rise to the injury (see, *Welsh v County of Albany*, 235 AD2d 820, 822-823; *Terranova v City of New York*, 197 AD2d 402). The relevant inquiry on the issue of control is not who furnished the safety device but who had control of the work being done at the time of the injury and the authority to insist that proper safety practices be followed (see, *Iveson v Sweet Assocs.*, 203 AD2d 741, 742), or stated differently, who had the right to supervise the manner and method of work (see, *Duda v Rouse Constr. Corp.*, 32 NY2d 405, 409). In *Iveson v Sweet Assocs.* (*supra*), we held that the prime general contractor could not seek indemnity from the subcontractor who furnished the catwalk on which the plaintiff was injured because there was no proof the subcontractor had the authority to control or supervise the work plaintiff was performing (203 AD2d, at 742).

This case presents a different picture in that plaintiff at the time of his injury was engaged in installing a heating system, which task had been delegated to third-party defendant. Therefore, since under these circumstances third-party defendant clearly had the authority to supervise the manner and method of the work plaintiff was performing (see, *Russin v Picciano & Son*, 54 NY2d 311, 318), Supreme Court properly denied its motion as it did not establish its entitlement to summary judgment as a matter of law (see, *Ferrante v American Lung Assn.*, 90 NY2d 623).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.