■ ALBERT STALEY et al., Plaintiffs, v CROW CONSTRUCTION CORPORATION et al., Defendants and Third-Party Plaintiffs-

Respondents. Beeche Systems Corporation et al., Third-Party Defendants-Respondents; Brownell Steel, Inc., Third-Party Defendant-Appellant. [669 NYS2d 764] —Crew III, J. Appeal from an order of the Supreme Court (Best, J.), entered March 13, 1997 in Montgomery County, which, *inter alia*, denied a motion by third-party defendant Brownell Steel, Inc. for summary judgment dismissing the third-party complaint against it.

Plaintiff Albert Staley (hereinafter plaintiff), a foreman employed by third-party defendants Beeche Systems Corporation and G. L. Beeche Company, Inc. (hereinafter collectively referred to as Beeche), was injured while installing floor decking at a construction site located in the City of Schenectady, Schenectady County. Defendant Crow Construction Corporation was the general contractor for the project and had contracted with Schenectady Steel Company, Inc. (hereinafter SSC) to furnish material, labor and equipment for the installation of structural steel. SSC, in turn, contracted with third-party defendant Brownell Steel, Inc. to erect all structural steel and with Beeche to install the floor and roof decks. Plaintiff was engaged in installing floor decking on the second floor level when he fell through an opening in the floor for either an elevator or stairway and sustained personal injuries.

As a result of the accident, plaintiff and his wife, derivatively, commenced this action against Crow and defendant Broadway Center Limited Partnership asserting violations of Labor Law § 240 (1) and § 241 (6). As a consequence, defendants commenced third-party actions against Beeche and Brownell seeking indemnification. Following joinder of issue and discovery, Brownell moved for summary judgment dismissing the third-party complaint against it. Supreme Court denied the motion and this appeal ensued.

It is now axiomatic that a subcontractor will be liable for common-law indemnification either for its actual negligence (*see, e.g.*, *Welsh v County of Albany*, 235 AD2d 820, 822-823) or in instances where the subcontractor had the authority to direct, supervise and control the work area involved or the work that gives rise to the injury (*see*, *Doyne v Barry, Bette & Led Duke*, 246 AD2d 756, 759). Although Supreme Court found that a question of fact existed with regard to Brownell's actual negligence, as well as its supervisory authority at the site, we disagree and, accordingly, reverse that part of Supreme Court's order which denied Brownell's motion for summary judgment.

It is uncontroverted that at the time of the happening of the accident here, Brownell employees were engaged in erecting structural steel at the third and fourth levels of the building.

Plaintiff was engaged in welding floor decking on the second floor of the building when he fell through the open elevator or stairway shaft. There is absolutely no evidence, direct or circumstantial, that Brownell employees engaged in any act or omission that led to plaintiff's fall and, therefore, no question of fact exists in that regard.*

Supreme Court also found, and defendants urge on appeal, that there is a question of fact as to whether Brownell undertook responsibility to direct, supervise and control Beeche employees and, more specifically, plaintiff. Again, we disagree. Although defendants rely heavily upon plaintiff's examination before trial testimony to the effect that a Brownell foreman directed plaintiff as to areas that needed to be decked so that Brownell employees would be protected from falls from higher elevations, such reliance is misplaced. A fair reading of all of the examination before trial testimony reflects that plaintiff, as Beeche's foreman, conferred with Brownell personnel on a regular basis in order to coordinate Beeche's installation of floor decking with the structural steel work performed by Brownell, but that Brownell personnel did not supervise and direct plaintiff's work. Indeed, plaintiff unequivocally testified that no one from Brownell exercised any supervision, direction or control over his work. While Art Cossart, a Brownell employee, testified that he was aware of situations on other jobs where Brownell supervised and directed the decking contractors, such evidence was of no probative value here as Cossart testified, with respect to this particular project, that he was not aware of anyone from Brownell who provided such direction, control or supervision. Accordingly, Brownell's motion for summary judgment dismissing the third-party complaint against it is granted.

Mikoll, J. P., White, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion by third-party defendant Brownell Steel, Inc. for summary judgment dismissing the third-party complaint against it; motion granted, summary judgment awarded to third-party defendant Brownell Steel, Inc. and third-party complaint dismissed against it; and, as so modified, affirmed.

---

* This absence of proof also compels dismissal of defendants' claim for contractual indemnification against Brownell, as actual negligence was the basis for any such claim under the contract.