■ James J. Lapi et al., Plaintiffs, v Rosewood Home Builders, Defendant and Third-Party Plaintiff-Appellant, et al., Defendants. Saratoga Framing Contractors, Inc., Third-Party Defendant-Respondent. [682 NYS2d 297] —Graffeo, J. Appeal from an order of the Supreme Court (Best, J.), entered January 9, 1998 in Montgomery County, which, *inter alia*, denied defendant Rosewood Home Builders' cross motion for summary judgment on its third-party complaint.

Plaintiff James J. Lapi (hereinafter plaintiff) commenced this action to recover for injuries sustained while employed as a laborer by third-party defendant, Saratoga Framing Contractors, Inc. (hereinafter Saratoga). Saratoga was hired by defendant Rosewood Home Builders (hereinafter Rosewood), the general contractor, to do framing work on a house under construction in the Town of Colonie, Albany County. Saratoga, in turn, hired defendant High Lift Crane Company, Inc. (hereinafter High Lift) to assist in lifting and transporting materials and equipment at the worksite. Defendant John Proper was the owner of High Lift and, at the time of the accident, was operating High Lift's crane. As Proper attempted to place a bundle of plywood on the structure's second floor, the bolts which anchored the crane's boom to its deck snapped, causing the load to fall and strike plaintiff in his back.

Plaintiff thereafter commenced this action against Rosewood, High Lift and Proper alleging violations of Labor Law § 240 (1)

and § 241 (6) and (8), as well as common-law negligence. After issue was joined, Rosewood commenced a third-party action against Saratoga seeking common-law indemnification. Supreme Court granted plaintiffs' motion for partial summary judgment on the issue of liability against defendants and denied Rosewood's cross motion for summary judgment against Saratoga. Rosewood now appeals.

A subcontractor is obligated to provide common-law indemnification to a general contractor where it is established that the subcontractor's negligence actually caused the accident or where the subcontractor had the authority to supervise, control and direct the work of plaintiff (*see, Welsh v County of Albany*, 235 AD2d 820; *see also, Doyne v Barry, Bette & Led Duke*, 246 AD2d 756). Here, the testimony reveals that Rosewood's supervision consisted merely of a once-a-day visit to the site to ensure that the project was progressing as planned. There is no indication in the record that Rosewood either supervised or instructed plaintiff in any manner. In contrast, Saratoga exclusively controlled and supervised plaintiff's work and, at the time of the accident, plaintiff had been instructed to direct Proper to move the plywood to the second floor by use of High Lift's crane. Hence, we find no support in the record for the contention that Rosewood either supervised or instructed plaintiff on the job site.

Furthermore, during his deposition, Proper stated that he was solely responsible for the operation and maintenance of his equipment and that High Lift was hired and directed by Saratoga. Although Rosewood was the general contractor on the site, it exercised only general supervisory powers and there is no proof to the contrary to suggest that Rosewood was in any way responsible for plaintiff's accident (*see, Panetta v Beltrone Constr. Co.*, 226 AD2d 886). Saratoga, on the other hand, was the entity with authority and responsibility to supervise, control and direct the work giving rise to plaintiff's injury and, therefore, Rosewood is entitled to common-law indemnification from Saratoga as a matter of law (*see, Johnson v Quail Bldrs.*, 247 AD2d 699; *Welsh v County of Albany*, *supra*; *Grant v Gutchess Timberlands*, 214 AD2d 909; *Tambasco v Norton Co.*, 207 AD2d 618, *lv dismissed* 85 NY2d 857).

Mercure, J. P., White, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant Rosewood Home Builders, by reversing so much thereof as denied Rosewood's cross motion for summary judgment on its third-party complaint; cross motion granted and summary judgment granted to Rosewood and, as so modified, affirmed.