■ MICHAEL J. CREAMER et al., Respondents, v AMSTERDAM HIGH SCHOOL et al., Appellants-Respondents, and DEC-TAM CORPORATION, Defendant and Third-Party Plaintiff-Appellant-Respondent. PULVER ROOFING COMPANY, INC., Third-Party Defendant-Respondent-Appellant. [716 NYS2d 452] —Peters, J. Appeals (1) from an order of the Supreme Court (Best, J.), entered April 23, 1999 in Montgomery County, which, *inter alia*, granted plaintiffs' motion to set aside the verdict as insufficient, denied defendant Dec-Tam Corporation's motion for common-law indemnification against third-party defendant and denied a motion by defendants Amsterdam High School and Amsterdam Central School District for indemnification against Dec-Tam Corporation, (2) from a judgment of said court, entered October 20, 1999 in Montgomery County, dismissing the complaint against Amsterdam High School and Amsterdam Central School District, and (3) from a judgment of

said court, entered November 5, 1999 in Montgomery County, upon a verdict rendered in favor of plaintiffs against Dec-Tam Corporation and third-party defendant.

Defendant Dec-Tam Corporation was hired by defendant Amsterdam Central School District (hereinafter the District) to be the general contractor of an asbestos abatement project at defendant Amsterdam High School in the City of Amsterdam, Montgomery County. Jack Eisenbach Engineering, P. C. (hereinafter Eisenbach) was also hired to oversee the abatement portion of the project, with Dec-Tam to indemnify it as the District's agent. Dec-Tam subcontracted with third-party defendant, Pulver Roofing Company, Inc., to install a temporary roof during the abatement project.

According to Eisenbach's project manual, all workers were required to wear respirators and a full-body disposable protective suit, specified as a Tyvek suit or its equivalent, which would be impenetrable by asbestos fibers. Dec-Tam, therefore, provided all of Pulver's employees, including plaintiff Michael J. Creamer (hereinafter plaintiff), with Tyvek suits and a respirator, with employees of both Dec-Tam and Eisenbach actively enforcing their use. Plaintiff contended that he was repeatedly told that he could not wear his typical roofing attire which consisted of a long-sleeved cotton shirt, jeans and gloves since only nylon shorts could be worn under the suit. Plaintiff also contended that he complained that the Tyvek suit was hot, it provided no protection for the type of work he was required to perform and that the mask, with two filters on the outside, impeded his downward vision.

The installation of the temporary roof required that asphalt, heated to approximately 425 degrees, be mopped onto the roof's surface from a bucket on the roof called a "shrimp boat." On the date of the accident, plaintiff was attempting to pick up the mop and twist it back into the shrimp boat when his foot got stuck in the middle of his twist as he was searching to find the shrimp boat. With his downward vision obstructed by the respirator, he contended that he lost his balance and fell with his right arm landing in the bucket of hot tar. The Tyvek suit immediately melted into his skin and thus several layers of his skin were pulled away when the suit was ultimately removed. In addition to suffering from second- and third-degree burns to 20% of his body, plaintiff underwent numerous skin grafts and debridements. His injuries caused a substantial loss of muscle mass, with nerve injury, scarring and loss of range of motion to his right upper extremity.

Plaintiff and his wife, derivatively, commenced this action

against Amsterdam High School, the District (hereinafter collectively referred to as Amsterdam) and Dec-Tam alleging negligence and violations of Labor Law §§ 200, 240 and 241. Dec-Tam commenced a third-party action against Pulver. Following discovery, Amsterdam, Dec-Tam and Pulver moved for summary judgment seeking, *inter alia*, dismissal of plaintiffs' complaint. Supreme Court dismissed plaintiffs' claims under Labor Law §§ 200 and 240 upon its conclusion that there was a failure to controvert defendants' assertions that they had no control over the employees of Pulver—a fact not disputed by Pulver at such time. Notably, plaintiffs did not appeal from any aspect of the court's determination yet Pulver appealed from that portion which denied its motion to dismiss various claims under Labor Law § 241 (6). Upon our prior review of that limited issue, we found that plaintiffs' expert affidavit set forth sufficient admissible evidence to demonstrate the existence of a triable issue of whether there existed a violation of 12 NYCRR 23-1.8 (c) (4) which requires owners and general contractors to provide appropriate protective equipment where an employee is using corrosive substances (*see*, 241 AD2d 589, 591).

At the close of plaintiffs' case, Amsterdam moved for a directed verdict on the issue of contractual and common-law indemnification from Dec-Tam. Dec-Tam moved for, *inter alia*, a directed verdict dismissing the complaint by contending that plaintiffs' expert had failed to demonstrate that hot asphalt was a corrosive substance; Amsterdam joined in that motion. Supreme Court denied all of the motions and the jury returned a verdict absolving Amsterdam of liability yet finding that Dec-Tam and Pulver were each 40% negligent and Dec-Tam was actively negligent. Awarding plaintiffs $160,000 in damages for past and future pain and suffering, they moved to set aside the damage award and Pulver moved for, *inter alia*, judgment notwithstanding the verdict. Amsterdam cross-moved for an order granting it contractual and/or common-law indemnification from Dec-Tam and Dec-Tam cross-moved for, *inter alia*, an order granting it common-law indemnification from Pulver. By order entered April 23, 1999, Supreme Court granted plaintiffs' motion for a new trial on the issue of damages and denied all remaining motions. Pulver, Dec-Tam and Amsterdam appealed from a denial of such motions and Pulver and Dec-Tam appeal from a judgment, entered October 20, 1999, dismissing the complaint against Amsterdam. Pulver also appeals from a stipulated award of damages of $200,000, set forth in the final judgment entered November 5, 1999.

Pulver and Dec-Tam assert that the jury's conclusion that

the hot asphalt was a "corrosive substance" within the meaning of 12 NYCRR 23-1.8 (c) (4) was not supported by legally sufficient evidence and that plaintiffs failed to establish that the protective gear proximately caused or exacerbated the injuries. At issue here is the testimony proffered by Harlan Fair, plaintiffs' expert, regarding the meaning of "corrosive substance" within the context of the promulgation of the regulation by the Department of Labor. Since defendants failed to rebut such testimony and never objected to Fair's statements or qualifications during his direct testimony, we find that Fair's testimony was admissible and competent to clarify an issue beyond the ken of the average juror (see, Selkowitz v County of Nassau, 45 NY2d 97, 101-102).

Turning to the issue of proximate cause, plaintiffs presented evidence that the respirator required by Amsterdam's agent, Eisenbach, which was provided by Pulver and enforced by Dec-Tam, impeded his downward vision. Fair testified, as a construction site safety expert, that appropriate protective apparel within the meaning of 12 NYCRR 23-1.8 (c) (4) and this particular task would have been a hooded respirator with rear connections. Fair also detailed how the Tyvek suit exacerbated plaintiff's injuries; his testimony to the effect that the suit will melt at 265 degrees and adhere to the skin was confirmed by Eisenbach. Plaintiff testified that because he was not permitted to wear a cotton shirt under the suit, the sleeve of the suit melted into his arm when he fell into the heated asphalt. Noting that the project manual stated that workers must wear Tyvek suits or an equivalent, Fair testified that other protective covers, impenetrable by asbestos fibers and heat resistant, were available at the time of this project.

Since the jury could have readily inferred that the Tyvek suit was inadequate to protect the skin from hot asphalt and that it exacerbated the injuries by adhering to the skin, we find that a prima facie case of negligence was established by both the aforementioned testimony and that of Floyd Stever, another Pulver roofer working on this project. We further find that the jury's finding of a violation of Labor Law § 241 (6), premised upon a violation of 12 NYCRR 23-1.8 (c) (4), was not against the weight of the evidence since defendants and Pulver "have not demonstrated that the jury 'could not have reached its verdict on any fair interpretation of the evidence' * * * especially in light of the considerable deference accorded to the jury's assessment of evidence" (Gleason v Holman Contract Warehousing, 263 AD2d 913, 915, quoting Rosabella v Fanelli, 225 AD2d 1007, 1008; see, Sorel v Iacobucci, 221 AD2d 852, 853-854; Durkin v Peluso, 184 AD2d 940, 941).

Pulver contends that the jury's determination that Amsterdam was not actively negligent is against the weight of the evidence. In our view, this issue has not been preserved for appellate review due to the absence of an appropriate objection to Supreme Court's charge to the jury. The sole charge to the jury concerning Amsterdam's negligence was its vicarious liability in the event that the *contractor* (Dec-Tam) violated 12 NYCRR 23-1.8 (c) (4). Consequently, no theory of active negligence by Amsterdam was charged to the jury. Moreover, since Amsterdam's liability is vicarious only (*see, Rizzuto v Wenger Contr. Co.*, 91 NY2d 343, 351), it is entitled to complete indemnification, including costs and counsel fees, in defending the action as against Dec-Tam, the active tortfeasor (*see, Chapel v Mitchell*, 84 NY2d 345, 347-348).

As to Dec-Tam's assertion that it is entitled to common-law indemnification from Pulver as the one who actually caused the accident or had supervisory control over plaintiff's work (*see, Lapi v Rosewood Home Bldrs.*, 256 AD2d 1008, 1009), we must disagree. Supreme Court's pretrial dismissal of plaintiffs' Labor Law § 200 claim against Dec-Tam did not preclude the jury from later concluding that it exercised supervisory control over plaintiff's work for the purpose of determining a claim for common-law indemnification. Pulver did not dispute Dec-Tam's claim that it neither supervised nor controlled the application of tar to the roof. Rather, Pulver emphasized that Dec-Tam provided the protective gear and insisted upon its use. For indemnification purposes, controlling and supervising a work site has been found to include the provision of safety equipment for the subcontractor's employees and/or controlling work site safety (*see, Welsh v County of Albany*, 235 AD2d 820, 823; *Deyo v County of Broome*, 225 AD2d 865, 866-867; *Mesuraca v New York City Tr. Auth.*, 166 AD2d 636, 637). As the determination finding Dec-Tam actively negligent can be found to be supported by the weight of the evidence, Dec-Tam is precluded from seeking common-law indemnification (*see, Marek v De Poalo & Son Bldg. Masonry*, 240 AD2d 1007, 1009; *compare, Welsh v County of Albany, supra*, at 823).

Finally, reviewing the jury's apportionment of liability between Dec-Tam and Pulver, we find sufficient evidence from which the jury could have readily found Pulver to be equally liable since the evidence did not " 'so preponderate[ ] in favor of [Pulver] that [the jury] could not have * * * reached [its determination on this issue] on any fair interpretation of the evidence' " (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [internal quotations omitted], quoting *Moffatt v Moffatt*, 86 AD2d 864, *affd* 62 NY2d 875).

Having further reviewed and rejected all remaining contentions, we modify the order entered April 23, 1999 by reversing so much thereof as denied Amsterdam's motion for indemnification and counsel fees from Dec-Tam, and grant such motion. We further affirm the judgments entered October 20, 1999 and November 5, 1999.

Crew III, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion by defendants Amsterdam High School and Amsterdam Central School District for indemnification and counsel fees from defendant Dec-Tam Corporation; said motion granted; and, as so modified, affirmed. Ordered that the judgments are affirmed, without costs.