*1277 Appeal from an order (denominated order and judgment) of the Supreme Court, Oneida County (John W Grow, J.), entered June 28, 2007 in a personal injury action. The order, inter alia, granted third-party plaintiffs motion for leave to amend the third-party complaint and denied the cross motion of third-party defendant for summary judgment dismissing the third-party complaint.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained while performing construction work at a pulp and paper mill owned by defendant and third-party plaintiff, Lyons Falls Pulp & Paper, Inc. (LFPP). Third-party defendant, Laframboise Group Ltd. (Laframboise), appeals from an order that, inter alia, granted the motion of LFPP for leave to amend the third-party complaint and denied the cross motion of Laframboise for summary judgment dismissing the third-party complaint. We conclude that Supreme Court properly granted the motion of LFPP for leave to amend the third-party complaint. “Generally, leave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit. . . , and the decision whether to grant leave to amend a complaint is committed to the sound discretion of the court” (Anderson v Nottingham Vil. Homeowner’s Assn., Inc., 37 AD3d 1195, 1198 [2007] [internal quotation marks omitted]; see CPLR 3025 [b]; Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959 [1983]). Here, the proposed amendments are not patently lacking in merit, and we perceive no basis for disturbing the court’s determination (see generally Anderson, 37 AD3d at 1198; McFarland v Michel, 2 AD3d 1297, 1300 [2003]).
Inasmuch as the claim for contractual indemnification was omitted from the amended third-party complaint, we do not address that part of the cross motion of Laframboise for summary judgment dismissing that claim. We conclude, however, that the court properly denied those parts of the cross motion for summary judgment dismissing the claims for common-law indemnification or, alternatively, contribution. “ ‘The right of common-law indemnification belongs to parties determined to be vicariously liable without proof of any negligence or active fault on their part’ ” (Brickel v Buffalo Mun. Hous. Auth., 280 AD2d 985, 985 [2001]). “A subcontractor is obligated to provide common-law indemnification . . . where it is established that the subcontractor’s negligence actually caused the accident or where the subcontractor had the authority to supervise, control *1278 and direct the work of plaintiff’ (Lapi v Rosewood Home Bldrs., 256 AD2d 1008, 1009 [1998]; see Malecki v Wal-Mart Stores, 222 AD2d 1010, 1011 [1995]). Here, Laframboise failed to meet its initial burden on the cross motion because the evidence submitted by Laframboise in support thereof neither precludes the possibility that plaintiffs fall was caused by a defective ladder supplied by Laframboise nor demonstrates that Laframboise lacked the authority to supervise, control or direct plaintiffs work. We thus conclude on the record before us that there are triable issues of fact that preclude summary judgment with respect to common-law indemnification and contribution (see e.g. Guzman v Gumley-Haft, Inc., 21A AD2d 555, 556 [2000]; Lapi, 256 AD2d at 1009). Present—Smith, J.P., Centra, Lunn, Fahey and Green, JJ.